## OHIO SUPREME COURT—Continued

No. 18120—Harry G. Fredrickson v. Nicholas C. Nye and John Nye. Error to the Court of Appeals of Hancock county.

27. ACTIONS—Action by vendor based on fraud averring title in granter, and asking. money judgment, is at law, and inconsistent with suit in equity on same fraud. Election of one remedial right bar to pursuit of another, when.

DAY, J.

1. An action by a vendor asking for a money judgment based on fraud in the transfer of property, averring title in the vendee, is an action at law in deceit, and is inconsistent with an action in equity averring equitable title in the vendor and seeking to establish a constructive trust ex malificio in favor of the vendor upon the same fraud as set out in the law action.

2. In order that an election of one remedial right shall be a bar to the pursuit of another, the same must be inconsistent and the election made with knowledge and intention and purpose to elect. The mere bringing of a suit is not determinative of the right, but the party making the election must have received some benefit under the same, or have caused detriment to the other party, or pursued his remedy to final judgment.

Judgment reversed.

Marshall, C. J., Robinson and Matthias, JJ., concur. Wanamaker, J., not participating.

No. 18334—Pennsylvania Co. v. West Penn Railways Co. Error to the Court of Appeals of Allen county.

677. JUDGMENTS—Assignee of one may obtain another therein—Proof required—Judgment against two torts feasor debtors, a joint and several liability, and action thereon may be against one only.

MARSHALL, C. J.

1. The assignee and owner of a valid judgment rendered in any court of record in Ohio may maintain an action and recover another judgment thereon in any court of competent jurisdiction within this state.

2. In such action no other proof is necessary than the record of such former judgment and competent evidence of a valid assignment and transfer thereof.

3. Where a judgment has been rendered against two joint tort-feasors, an action can be maintained and final judgment rendered upon the record of judgment debtors against one of such judgment debtors even though no service of summons is made upon the other judgment debtor. There being no contribution between joint tort-feasors the record of such judgment is a joint and several liability.

Judgment affirmed.

Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

No. 18375—Rose M. Norris, Executrix, etc., v. B. J. Jones, Receiver of The Ohio Electric Railway Co. Error to the Court of Appeals of Henry County.

829. NEGLIGENCE—No presumption of except upon facts proven—Electric car running through village at too high speed—No proof as to speed or conduct of driver of auto injured at street intersection—Rights of traveler crossing interurban tracks, in a village having speed ordinance—When his acts do not constitute negligence.

ALLEN, J.

1. There is no presumption of negligence as against either party to an accident except such as arises upon the facts proved.

2. Where the driver of an automobile is killed at the intersection of two streets in a village by collision with an interurban car which is running at a rate of speed which violates the village ordinance, and the plaintiff's evidence affords no proof whatever as to the speed at which the decedent was driving his automobile, nor as to his conduct immediately preceding the accident, it is error for a reviewing court to reverse a judgment for plaintiff upon the ground that a clear presumption of contributory negligence arises from plaintiff's evidence.

3. A traveler upon a street in a village crossing the track of an interurban railway has a right to presume that the interurban railway will conform to an ordinance of the city council prohibiting the running of interurban cars through its limits at a rate of speed greater than that named in the ordinance. If the traveler acts in accordance with such presumption in the absence of knowledge of the fact that the interurban railway company is exceeding such speed limit in running an interurban car, such action upon the part of the traveler will not of itself constitute an act of negligence. Hart v. Devereux, Receiver, 41 Ohio St., 565, approved and followed.

Judgment reversed.

Marshall, C. J., Robinson, Jones, Matthias and Day, JJ., concur. Wanamaker, J., not participating.

No. 18069—Hazel Robinson Newbold et al v. Maude M. Michael et al. Error to the Court of Appeals of Allen county.

1101. SPECIFIC PERFORMANCE—Equity will not enforce verbal contract to will an estate to another, in consideration of personal services—Effect of part performance—And of character of services.

DAY, J.

Equity will not enforce by specific performance a verbal contract to leave an estate, including real and personal property, to another by will, in consideration of personal services, even though the same have been performed, and said contract and performance are shown by clear and convincing evidence, unless the character of the services were not intended to be and are not susceptible of being measured by pecuniary standard, or unless the contract has been so far executed that a refusal would operate as a fraud upon the party who has performed and would result in a denial of just compensation. (Kling v. Bordner, Admr., 65 Ohio St., 86; approved and followed.)

Judgment reserved.

Robinson, Jones, Matthias and Allen, JJ., concur. Wanamaker, J., not participating.